BAUGHMAN v. SHINSEKI Mr. Waghorn. Thank you, Your Honor. May it please the Court, Andy Waghorn. I'm representing the veteran, William Baughman. Your Honor, the lower court failed to correct two distinct errors of the Board of Veterans' Appeals in this case. First, the board erred by ruling that it was without jurisdiction to decide appellant's appeal because he filed a late substantive appeal. The second error the board made is that it found that it had no legal authority, even if it had jurisdiction, to waive the late substantive appeal because the veteran didn't file a timely extension before the appeal period ended. At the time of the board's decision... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN v. SHINSEKI BAUGHMAN  SHINSEKI BAUGHMAN v. SHINSEKI BAUGHMAN  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN And that's the Roy case, right? SHINSEKI BAUGHMAN v. SHINSEKI BAUGHMAN Absolutely. The lower court and the board relied on the Roy decision, which in my estimation is completely outdated because it didn't... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Right. But isn't the first point saying they didn't have jurisdiction tied to the fact that they didn't have any authority? SHINSEKI BAUGHMAN v. SHINSEKI BAUGHMAN  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN  SHINSEKI BAUGHMAN v. SHINSEKI BAUGHMAN Well, one is statutory and one is regulatory. But the problem with the whole analysis is that the statute at issue, 38 U.S.C. 7105 D.3, is not a jurisdictional statute. It's a claims processing rule that can be waived at any time, whether or not there's a timely extension.  And it has so been held by the Veterans Court, right? SHINSEKI BAUGHMAN v. SHINSEKI BAUGHMAN Yes, in person. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Mr. Waghorn, if the only good cause for missing the deadline was recurring illness, and if we determine that isn't legitimate good cause, then there's no prejudice and this is harmless error, right? WALTER BAUGHMAN v. SHINSEKI BAUGHMAN No. I take issue with the lower court's attempt to decide this case on the harmless error analysis. I think that these factual determinations need to be made by the board in the first instance. We have to have a record as to why they... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Was there any allegation made for missing the deadline beyond recurring illness and  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN No, Your Honor, but there is a basis for equitable tolling... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN ...and effective assistance of counsel, I thought. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN I'm sorry? WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Ineffective assistance of counsel, I thought. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN That's the supplemental material that you wanted to push in on the reconsideration decision in front of the Veterans Court. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Well, I mean, there are e-mails. I don't know if that's chasing him around town, but... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN No, but I mean, he's on the case. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN We get back to the issue of whether recurring illness and hospitalization is good cause. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Well, I mean... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Or missing an appointment. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN It depends. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN I mean, if he were... Say, for instance, a veteran is comatose in the hospital during the 60-day period, can't file an extension request, can't file a substantive appeal. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Then the allegation of that nature made? WALTER BAUGHMAN v. SHINSEKI BAUGHMAN  Not initially. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Were your client offered an opportunity to supply that kind of detail?  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN He... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN And your client didn't do it? WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Here's the thing, Your Honor. This is why I believe equitable tolling applies in this case. If you look at the initial letter that the RO sent the veteran, it said, here's your statement of the case, you have 60 days to file an appeal. If you need an extension, you should, not must, you should file an extension within the 60-day period. So that can reasonably lead somebody to believe it's a non-mandatory requirement.  But is that a misrepresentation? Is that a misrepresentation of a time period that applies? WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Under Bailey, I'm saying that that was a misrepresentation. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Yes, it should have said, must. That's exactly what they say later on when they'd issue another statement of the case and they provide the appropriate regulation here, 20... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN What was in front of the BVA was the recurring illness and the hospitalization. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN No, these records were before the BVA, Your Honor. I mean, the notice letter and also the statement of the case that was sent later with the requirements  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN And he's being represented by counsel, and counsel supposedly knows the difference between may, must, and shall. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN I mean, it struck me that you had a problem here because the Veterans Court was saying on the reconsideration decision, well, even if you're right and the board never did consider whether there was good cause to deny him the extension, under our case law, he can't make it. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN But the lower court did not address the issue that I'm bringing to the court's attention right now, and that is that there was a misstatement in... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Did you bring that to the attention of the Veterans Court? WALTER BAUGHMAN v. SHINSEKI BAUGHMAN  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN I didn't see that. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Well, they denied your motion... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN It was just a single justification. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN They denied your motion to have the supplemental materials about the emails to the counsel come in the record, but I didn't see anywhere in the record that you'd framed this issue to the Veterans Court saying, well, they gave me a lousy notice way back when. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN No, but it's not a notice issue. It's an equitable tolling issue. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN But you never framed it. You never made an equitable tolling. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN And the... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Where? Can you show me that? WALTER BAUGHMAN v. SHINSEKI BAUGHMAN WALTER BAUGHMAN v. SHINSEKI BAUGHMAN And that is that Brown is outdated, didn't address equitable tolling. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN I couldn't tell whether you were making an equitable tolling. I thought Cashel was saying, well, there may be a difference between good cause shown to an extent time, what qualifies for good time shown, and also what would qualify for equitable tolling if you were going to run it under the rubric of equitable tolling.  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN That's true. And the lower court should have taken this case and decided whether Roy should be overturned in light of Hunt and all of the other decisions. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Yeah. The Veterans Court is obviously aware of the fact that Roy is out there and that Roy is in tension with the equitable tolling case, and they haven't quite sorted it out yet. Now, I didn't understand you and your brief coming in to tell us that we were supposed to sort that out. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Well, you certainly could. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Why shouldn't we? I mean, after all, the Veterans Court is aware of what's going on in its own precedent. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN That's true. So, I mean, what I would ask is that the court remand this so that the Veterans Court can  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN I don't want to read whether or not you ought to be able to get equitable tolling instead of being told that you wanted to have a hearing on whether or not there was good cause shown. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN That's not exactly... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN The good cause shown case is the way the case got positioned below, as I understood. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Your Honor... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN The request for the... When the board sent the veteran the letter saying, you can request a hearing, here's the regulation, you're getting 60 additional days. It only asks for evidence on the issue of jurisdiction, whether you filed this extension timely and whether you filed the substance of appeal timely. It said nothing about good cause and a waiver and whether or not there was a justification to excuse the late filing of either the substance of appeal or the extension. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN The way the case got pitched, as I understood, when it comes up to the veterans' court is to say, well, you know, the board had an obligation to give us a good cause shown analysis. In fact, that was so much the focus of attention and the focus of attention here that the government goes out of its way to say, well, you actually got a good cause shown analysis of the BVA, which seems a little preposterous. They didn't have any analysis in the... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN I understand that, but I thought that's what you were arguing for. You were not saying, well, we're entitled to equitable tolling because my client got schnooked.  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN It felt like being told to file in the wrong place. No, it wasn't that he was told to file in the wrong place. He was told that the filing wasn't mandatory within a certain period of time when it was. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN But I just didn't see that issue framed anywhere in the deliberations below. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Well, it certainly was. I argued below that the board never considered equitable tolling, that under Bailey you have three or four factors to consider in equitable tolling analysis, one of them being that there was a statement that... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN ...in the Veterans Court on the motion for reconsideration, that is to say, all the emails to the lawyer saying, hey, lawyer, start being active, all go to garden-brining neglect. That body of information wouldn't have supported a request for equitable tolling in the first place. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Well, I don't know that that's necessarily true, and the reason we don't... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN The Veterans Law is clear out of this circuit.  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Right, but it simply did not address other evidence of record that the board had an obligation to address. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Is your equitable tolling argument that the government misrepresented the law, the time period that was applicable? WALTER BAUGHMAN v. SHINSEKI BAUGHMAN I wouldn't go so far as to say misrepresented, but they definitely misstated it, and it's  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN But you're saying now the board had an obligation to address an equitable tolling issue? WALTER BAUGHMAN v. SHINSEKI BAUGHMAN They had to. They had an obligation to know that they had jurisdiction to waive this late filing for good cause shown, and they never addressed it. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN That's not the same. That's not the same as... Now you're... I thought just before Judge Raynor spoke up, I thought you were saying that the board erred in not doing an equitable tolling analysis based on what Judge Raynor was asking about, whether you were misled by a false statement as to the timing period. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN They were required to determine whether good cause was shown. Equitable tolling could fall within good cause. I mean, if you have cause to equitably toll... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN I mean, what they were being given to say, here's our good cause shown, is the recurring illness, I'm not feeling well. The veteran wasn't saying, oh, you know, I got snook.  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Well, the veteran is not... I mean, he's represented by a service organization, but... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN They could have pitched the argument on good cause shown on that basis, but didn't. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Well, they did at least say that the court had jurisdiction to decide the issue of whether  WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Well, they were good cause shown. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN For good cause shown, but my point is that all of the equitable tolling cases would be WALTER BAUGHMAN v. SHINSEKI BAUGHMAN good cause to extend the substantive appeal deadline. So if you can establish equitable tolling, you establish good cause. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Would you like to say your rebuttal time, Mr. Wagoner? WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Thank you, Your Honor. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN All right. Let's hear from Ms. Wagoner. KATHRYN WAGONER Good morning, Your Honors. May it please the Court. We respectfully request that the Court affirm the Veterans Court decision because it properly affirmed the decision of the Board. As this Court has WALTER BAUGHMAN v. SHINSEKI BAUGHMAN  KATHRYN WAGONER Well, two grounds. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN So there are two grounds. You say in the first place, well, the Board gave full consideration of good cause shown and decided there was no good cause shown. That's your position number one.  Our position number one. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Your fallback position is, well, if they didn't do that, then there is a harmless error here because the Veterans Court said under the facts presented, there's no way you could have made the showing of good cause shown. KATHRYN WAGONER Correct, Your Honor. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN So which of those two theories are you asking us to affirm on? KATHRYN WAGONER Well, initially, I guess the first theory that the Court did invoke WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Can you stand on that theory unblushingly? KATHRYN WAGONER On the same, yes. WALTER BAUGHMAN v. SHINSEKI BAUGHMAN Well, where can you show us in the Board opinion that they gave an analysis of good cause shown? KATHRYN WAGONER Well, there wasn't a clear... WALTER BAUGHMAN v. SHINSEKI BAUGHMAN I guess yes or no. We have a Board opinion, my goodness, and if the opinion analyzed good cause shown, it would jump right out and show you. It'd probably have a little heading that said good cause shown. KATHRYN WAGONER Right. Well, the analysis is not terribly clear, but the fact that the Board did, one, request additional evidence or argument to support what, basically, it notified Mr. Baumann that it was not going to consider his substantive appeal timely and that it was not going to consider it. And then it asked him to provide additional evidence or argument as to why it should consider it to which Mr. Baumann didn't respond. And if the Board wasn't considering equitable basis to toll the filing deadline, there would be no point in the Board noting that Mr. Baumann indicated just a vague and ambiguous statement about his reoccurring illness and hospitalization, that he was represented by a service organization that had perfected his claims in other instances and clearly knew how to do that, or would they have needed to ask for additional evidence or argument?  JUSTICE BREYER. If it's the Court of Veterans Claims, then perceiving in these statements from the Board that it has made findings on good cause? KATHRYN WAGONER. Yes, Your Honor. JUSTICE BREYER. But we don't have any record that they actually addressed good cause. They made these statements in other contexts, didn't they? KATHRYN WAGONER. Correct. But if the Board were to have held that there was simply no jurisdiction and the filing time limit was not waived... JUSTICE BREYER. Can I read a sentence to you? KATHRYN WAGONER. Yes. JUSTICE BREYER. Let her finish, Judge Clevenger, and then... JUSTICE BREYER. Go ahead. KATHRYN WAGONER. Then there would be no basis for the Board to have discussed these other points. It would simply be, this is a hard and fast deadline. You didn't meet it. You're out of time. JUSTICE BREYER. That's why I wanted to read you the sentence that says, there's simply no legal authority to permit the Board to find the veteran's substance appeal timely in this case. KATHRYN WAGONER. Correct. And I think that that is going... JUSTICE BREYER. And they're relying on Roy. KATHRYN WAGONER. Well... JUSTICE BREYER. The veteran did not... This is on 2303. This is on page 0035. Therefore, the Board finds the veteran did not submit a timely request for extension of time for submitting a substantive appeal. KATHRYN WAGONER.  It was not timely. JUSTICE BREYER. And because he did not. Furthermore, the record doesn't reflect he made a timely request for an extension, citing 2303, period. There is simply no legal authority to permit the Board to find it timely. It's a flat-out Roy statement. KATHRYN WAGONER. Correct. But then the fact that the Board goes on to address Peercy and explicitly notes that Peercy says that an untimely substantive appeal is not a jurisdictional bar to consideration of a veteran's claim and that the Board may accept it even if it is not timely is an express acknowledgment that it was within the Board's discretion to accept... JUSTICE BREYER. Well, maybe there is and maybe there isn't. Judge Castle said he'd like to know the answer to that question, wouldn't he? KATHRYN WAGONER. Yes. JUSTICE BREYER. Well, Judge Castle thought it would take an in-bank proceeding of the Veterans Court to decide that issue. And yet you're telling me that the Board decided that issue. KATHRYN WAGONER. The Veterans Court found... JUSTICE BREYER. It's an interesting question. I mean, yes. I mean, Percy says we're equitable tolling, and this is not a statute of limitation. This is a management thing, so... KATHRYN WAGONER. And Peercy actually also says that Roy does not hold that it's jurisdictional and that the Court's precedent, starting with Raul, a case that cited in Peercy that predates Roy, has actually said that this filing deadline is subject to waiver and can be extended because it is not jurisdictional. JUSTICE BREYER. Roy belongs to the Veterans Court. That's their case, right? KATHRYN WAGONER. Yes. JUSTICE BREYER. And if Roy is going to be distinguished or trimmed, it's the Veterans Court duty to do that, right? KATHRYN WAGONER. Right. And the majority... JUSTICE BREYER. Not the BVA. KATHRYN WAGONER. Correct. It would be the Veterans Court. And the majority of the Court... JUSTICE BREYER. Your theory is that the BVA trimmed Roy and somehow thereby actually discussed the good cause in this case. KATHRYN WAGONER. Well, although the Board may not have been applying Section 3.109, I think it is evident from their decision that it seems they were employing some sort of discretionary analysis, whether it be tolling or whether it be good cause. They're looking at equitable principles to extend the deadline. But even if the Court... If that is not convincing to the Court, as the Court has noted, the decision can be affirmed because the Veterans Court properly employed the prejudicial error analysis and found that this error would be harmless because Mr. Bowman was given multiple attempts to explain why he couldn't file, not only for the 60 days, but for 102 days, and particularly when he had a representative. It's not only that he didn't file, but his representative didn't file. And there's just no explanation. If we were to allow the excuse that illness is a reason to extend the deadline, that could basically be employed in every case within the Veterans Framework. So for these reasons, we respectfully request that the Court affirm the decision below. Thank you, Ms. Wicker. Mr. Waghorn, you have three minutes. The real problem with the Roy decision is that the lower court is still applying it when it's outdated. Roy effectively takes out the good cause extensions under this federal statute, 7105D3. Whenever a timely extension is not also requested, that requirement is nowhere in the statute. To the extent that this regulation requires it, it's in excess of its statutory jurisdiction, and I cited cases in my reply brief that says that that type of regulation needs to be stricken because it's in excess of its – because the statute controls over the regulation. With respect to this hearing nonsense, Mr. Baumann was told the issue was jurisdiction, and the two issues was did you file your substance appeal timely and did you file a timely extension request. His service organization had already offered all of the argument on jurisdiction that was necessary. He had already requested a hearing. There was nothing more for Mr. Baumann or his service representative to do at that point if the only issue was jurisdiction, and he was not going to be allowed to submit evidence on good cause. He was not asked to. That wasn't the issue at the hearing. So I respect that. Why is it that when the board requests that evidence to support your position about extending the time in which to file a substance appeal, there was no response to that request? When the board sent a statement of the case and said you have 60 days to file additional evidence or request a hearing, his organization had already submitted all of the relevant arguments. There was no response to that. That's correct. There was no response. At least your client could have said, well, we've already done this. But there was no response at all. There was no response, and because the issue was limited to jurisdiction and he was not asked or told that he could have a hearing on good cause, there was nothing else he could have offered that he hadn't already offered. So that was a nullity basically. That was basically the board CYA. We've got to tell them what the regulations are because we didn't tell them before. We didn't tell them this is a mandatory requirement to file a timely extension. So now we've got to give them the regs, let them figure it out for themselves, and then see if he submits any arguments against it. That's a CYA by the board. So I would respectfully request that this court overturn Roy. Strike 20.303 as in excess of statutory jurisdiction, reverse the lower court, vacate the board's decision, and instruct it to decide this case on the merits. Thank you, Mr. Weigel. That concludes our morning. All rise. The Honorable Court is adjourned from day to day.